Law Office of William J. McLaughlin
William J. McLaughlin, Esq.
Attorneys for Plaintiff
81 Hempstead Avenue
Lynbrook, New York 11563
(516) 599-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES T. TUCKER,

               Plaintiff,

        -against-

WEEKS MARINE, INC., WEEKS BARGE 573,
its equipment, tackle and appurtenances, in rem, and
WEEKS BARGE 533, its equipment, tackle and
appurtenances, in rem,

               Defendants.
----------------------------------------X

Docket no. 22-cv-7829
PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION

COMPLAINT

SEAMAN'S CASE UNDER THE JONES ACT

SUIT UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES FOR THE ENFORCEMENT OF THE LAWS OF THE UNITED STATES, COMMON AND STATUTORY FOR THE PROTECTION OF AND FOR THE HEALTH AND SAFETY OF SEAMEN AT SEA

Plaintiff, JAMES T. TUCKER, by and through his counsel, LAW OFFICE OF WILLIAM J. MCLAUGHLIN, complaining of the defendants WEEKS MARINE, INC. ("WEEKS"), WEEKS BARGE 573, its equipment, tackle and appurtenances in rem ("BARGE 573"), and WEEKS BARGE 533, its equipment, tackle and appurtenances in rem ("BARGE 533") alleges upon information and belief as follows:

**Nature of Action:**

1. This action is brought pursuant to the Jones Act, 46 U.S.C. § 30104 and the general maritime law of the United States, seeking monetary damages for personal injuries sustained by seaman JAMES T. TUCKER, employed by defendant WEEKS, as a member of the crew of the vessel BARGE 573 and/or BARGE 533 on September 20, 2019 in the navigable waters surrounding the International Matex Tank Terminal facility in Bayonne, New Jersey, due to an incident which occurred as a result of work being performed by WEEKS and the crew of BARGE 573 and/or BARGE 533 at and around said facility.

**Jurisdiction and Venue:**

2. This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C § 30104 and the general maritime law of the United States in that plaintiff JAMES T. TUCKER was employed as a seaman aboard a vessel in navigable waters and sustained injuries while in the course of his employment at the time of the incident giving rise to this action.

3. This Court has jurisdiction over BARGE 573, its equipment, tackle and appurtenances in rem since this vessel is or will be within the jurisdiction of this Court during the pendency of this action.

4. This Court has jurisdiction over BARGE 533, its equipment, tackle and appurtenances in rem since this vessel is or will be within the jurisdiction of this Court during the pendency of this action.

5. Venue is proper in this District pursuant to 45 U.S.C. § 56, as incorporated by the Jones Act, 46 U.S.C. § 30104, inasmuch as defendant WEEKS does business within this District and is authorized to transact business within this district.

**Parties:**

6. Plaintiff, JAMES T. TUCKER, is a citizen and resident of the State of New York, residing within said state at all relevant times.

7. At all relevant times, defendant WEEKS was and now is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact business within the State of New York, with an office and place of business at 4 Commerce Drive, Cranford, NJ 07016

8. The vessel BARGE 573 presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

9. The vessel BARGE 533 presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

### FIRST CAUSE OF ACTION JONES ACT/UNSEAWORTHINESS AGAINST WEEKS MARINE INC.

10. Plaintiff repeats each and every allegation contained in paragraphs 1 through 8 of this Complaint as if set forth at length herein.

11. At all relevant times, defendant WEEKS owned the vessel BARGE 573.

12. At all relevant times, defendant WEEKS operated the vessel BARGE 573.

13. At all relevant times, defendant WEEKS controlled the vessel BARGE 573.

14. At all times and dates hereinafter mentioned, the plaintiff, JAMES T. TUCKER, was a seaman and member of the crew of the vessel BARGE 573.

15. At all relevant times, WEEKS and its vessel BARGE 573, was engaged in performing work at and around the International Matex Tank Terminal facility in Bayonne, New Jersey

16. That on September 20, 2019, without any fault on the part of the plaintiff, and by reason of the negligence, recklessness and carelessness of defendant WEEKS, and its servants, agents and/or employees, and by reason of the unseaworthiness of the vessel BARGE 573, plaintiff was caused to sustain serious personal injuries, as well as pain and suffering, while in the performance of his duties as an employee of WEEKS.

17. That on September 20, 2019, without any fault on the part of the plaintiff, and by reason of the negligence, recklessness and carelessness of defendant WEEKS, and its servants, agents and/or employees, and by reason of the unseaworthiness of the vessel BARGE 573, plaintiff was caused to sustain serious personal injuries, as well as pain and suffering, while in the performance of his duties as a seaman serving as a member of the crew of BARGE 573.

18. That on September 20, 2019, without any fault on the part of the plaintiff, and by reason of the negligence, recklessness and carelessness of defendant WEEKS, and its servants, agents and/or employees, and by reason of the unseaworthiness of the vessel BARGE 573, plaintiff was caused to sustain serious personal injuries, as well as pain and suffering, due to WEEKS' failure to provide plaintiff with a safe place to work.

19. At all relevant times, defendant WEEKS owned the vessel BARGE 533.

20. At all relevant times, defendant WEEKS operated the vessel BARGE 533.

21. At all relevant times, defendant WEEKS controlled the vessel BARGE 533.

22. At all times and dates hereinafter mentioned, the plaintiff, JAMES T. TUCKER, was a seaman and member of the crew of the vessel BARGE 533.

23. At all relevant times, WEEKS and its vessel BARGE 533, was engaged in performing work at and around the International Matex Tank Terminal facility in Bayonne, New Jersey

24. That on September 20, 2019, without any fault on the part of the plaintiff, and by reason of the negligence, recklessness and carelessness of defendant WEEKS, and its servants, agents and/or employees, and by reason of the unseaworthiness of the vessel BARGE 533, plaintiff was caused to sustain serious personal injuries, as well as pain and suffering, while in the performance of his duties as an employee of WEEKS.

25. That on September 20, 2019, without any fault on the part of the plaintiff, and by reason of the negligence, recklessness and carelessness of defendant WEEKS, and its servants, agents and/or employees, and by reason of the unseaworthiness of the vessel BARGE 533, plaintiff was caused to sustain serious personal injuries, as well as pain and suffering, while in the performance of his duties as a seaman serving as a member of the crew of BARGE 533.

26. That on September 20, 2019, without any fault on the part of the plaintiff, and by reason of the negligence, recklessness and carelessness of defendant WEEKS, and its servants, agents and/or employees, and by reason of the unseaworthiness of the vessel BARGE

533, plaintiff was caused to sustain serious personal injuries, as well as pain and suffering, due to WEEKS' failure to provide plaintiff with a safe place to work.

WHEREFORE, plaintiff JAMES T. TUCKER,

A. demands judgment against defendant WEEKS in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

B. that process in due form of law, in rem, pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims, according to the practice of this Honorable Court, issue against the vessel BARGE 573, its equipment, tackle and appurtenances;

C. and that all persons claiming any interests therein may be required to appear and answer on oath all and singular the matters aforesaid; that the vessel BARGE 573, its/their equipment, tackle and appurtenances be condemned and sold to satisfy the damages of plaintiff; together with the costs, interest and disbursements of this action, and such other and further relief as this Court deems just and proper.

D. that process in due form of law, in rem, pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims, according to the practice of this Honorable Court, issue against the vessel BARGE 533, its equipment, tackle and appurtenances;

E. and that all persons claiming any interests therein may be required to appear and answer on oath all and singular the matters aforesaid; that the vessel BARGE 533, its/their equipment, tackle and appurtenances be condemned and sold to satisfy the damages of plaintiff; together with the costs, interest and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: Lynbrook, New York
September 12, 2019

BY: LAW OFFICE OF WILLIAM J. MCLAUGHLIN
_____
81 Hempstead Avenue
Lynbrook, NY 11563
(516) 599-6000
Wjmlaw81@gmail.com

TO:   WEEKS MARINE, INC.
      4 Commerce Drive
      Cranford, NJ 07016